IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

QUINTEN LEE PATON, #273 893,   )
   )
     Plaintiff,   )
   )
v.   )  CIVIL ACTION NO. 2:16-CV-30-WHA
   )           [WO]
JEFFERSON DUNN, COM., *et al*.,   )
   )
     Defendants.   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The court received this civil action in which Quinten Paton is listed as a plaintiff. However, Paton did not file the $350 filing fee and $50 administrative fee necessary when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk.  Consequently, the court did not have the information essential in determining whether Paton should be allowed to proceed *in forma pauperis* and, therefore, entered an order requiring he provide the court with the requisite information by January 29, 2016. *Doc. No. 3*. The court specifically cautioned Paton that failure to comply with this order would result in a Recommendation this case be dismissed. *Id*.

As of the present date, Paton has filed nothing in response to the aforementioned order. The court, therefore, concludes this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of

discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be dismissed without prejudice for Plaintiff's failure to file the requisite fees or provide the court with financial information in compliance with the order of this court.

It is further

ORDERED that Plaintiff may file any objections to this Recommendation **on or before March, 17, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 3rd day of March 2016.

                                    /s/  Wallace Capel, Jr.
                                    UNITED STATES MAGISTRATE JUDGE